IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARTHA CEA                                                                    PLAINTIFF

V.                              CASE NO. 5:19-CV-05024

COBB-VANTRESS, INC.                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Now before the Court are Defendant Cobb-Vantress, Inc.'s Motion for Judgment on the Pleadings as to Plaintiff's overtime claims (Doc. 16), to which Plaintiff Martha Cea filed a Response in Opposition five days out of time (Doc. 21), and Cea's Second Motion for Leave to File a Second Amended Complaint (Doc. 22). On April 10, 2019, the Court held a hearing on the Motions, and the parties presented oral argument. The Court determined that even though Cea's response to the Motion for Judgment on the Pleadings was filed out of time, the Court would still consider the merits of her response. After oral argument concluded, the Court ruled from the bench that the Motion for Judgment on the Pleadings was **GRANTED**, and the Motion for Leave to File a Second Amended Complaint was **DENIED** due to futility. The following Order memorializes the Court's rulings and explains the reasons for the decisions in greater detail. To the extent anything in this Order conflicts with what was said from the bench, this Order will control.

## I. BACKGROUND

Cea filed this employment discrimination lawsuit in the Circuit Court of Benton County, Arkansas, on November 26, 2018. (Doc. 3). Her former employer, Defendant Cobb-Vantress, removed the case to this Court on February 7, 2019, due to the presence of one or more federal questions in the Complaint. (Doc. 1). Cobb-Vantress answered

1

the Complaint on February 7 (Doc. 4) and then filed a motion for judgment on the pleadings (Doc. 8) on March 1. The motion for judgment on the pleadings requested dismissal of Cea's overtime compensation claims, due to an exemption that applies for poultry/agricultural workers. Cea filed a response in opposition to the motion, and then a few days later, on March 19, filed an Amended Complaint (Doc. 14). The effect of filing the Amended Complaint was that the motion for judgment on the pleadings as to the original complaint was moot. *See* Doc. 15.

On March 20, Cobb-Vantress filed another Motion for Judgment on the Pleadings (Doc. 16) as to Cea's claims made in her Amended Complaint, once again, with respect to Cea's overtime compensation claims made pursuant to the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Cea filed an untimely response to the Motion on April 8 (Doc. 21), which the Court, nonetheless, decided to consider. Also on April 8, Cea filed a Second Motion for Leave to File a Second Amended Complaint. (Doc. 22). The proposed second amended complaint contains the overtime claims that Cobb-Vantress argues are subject to dismissal in its Motion for Judgment on the Pleadings. The only substantive difference between the Amended Complaint and the proposed second amended complaint is the addition of a couple of sentences describing the nature of Cea's job duties at Cobb-Vantress. Both the Amended Complaint and proposed second amended complaint describe Cobb-Vantress as follows:

> Defendant Cobb is a foreign for-profit Corporation with its headquarters and principal place of business in Siloam Springs, Arkansas. Cobb is a poultry research and development company in the business of development, production and sale of broiler breeder stock. Cobb operates a poultry hatchery in Siloam Springs, Benton County, Arkansas.

(Doc. 14 at 1; Doc. 22-1 at 1).

2

The Amended Complaint and proposed second amended complaint also describe Cea as having been "employed by Cobb as a worker on the production line in the Siloam Springs hatchery." (Doc. 14 at 1; Doc. 22-1 at 1).

The only substantive difference between the Amended Complaint and the proposed second amended complaint is in how both documents describe Cea's job duties at Paragraph 8. The Amended Complaint states at Paragraph 8:

> Plaintiff's job duties included grading and vaccinating baby chicks as they moved along a conveyor belt. The hatchery is a factory-type setting. Thousands of eggs are hatched, and the chicks are then vaccinated and graded, on a daily basis.

(Doc. 14 at 2). The proposed second amended complaint states at Paragraph 8:

> Plaintiff's job duties included grading and vaccinating baby chicks as they moved along a conveyor belt. Plaintiff's job duties also included janitorial and cleaning services. Approximately half of Plaintiff's work week was not related vaccinating [sic] or grading chicks but rather to cleaning duties.

(Doc. 22-1 at 2).

In every other respect, aside from the factual differences in Paragraph 8, the Amended Complaint and the proposed second amended complaint are identical. Clearly, Cea has added some facts to Paragraph 8 in her proposed amended pleading in an attempt to save her overtime claims from dismissal. As will be explained in greater detail below, her attempt has failed, and her overtime claims are not cognizable.

## II. LEGAL STANDARD

The distinction between a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) and a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To

3

survive Cobb-Vantress's Motion for Judgment on the Pleadings, the Amended Complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of the Amended Complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). When adjudicating a motion to dismiss, the Court ordinarily does not consider matters outside the pleadings, Fed. R. Civ. P. 12(d), but may consider exhibits attached to the complaint and documents that are necessarily embraced by the pleadings. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

4

"Although leave to amend 'shall be freely given when justice so requires,' *see* Fed. R. Civ. P. 15(a), plaintiffs do not have an absolute or automatic right to amend. Futility is a valid basis for denying leave to amend." *United States ex re. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (internal citation omitted). When a defendant opposes allowing plaintiff leave to amend on the grounds that amendment would be futile, the Court must determine whether the proposed amended pleading would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

## III. DISCUSSION

### A. Motion for Judgment on the Pleadings

The Motion argues that Cea is not entitled to claim overtime compensation under the FLSA and the AMWA because her job duties working for the hatchery in Siloam Springs fell under an agricultural exemption to the overtime compensation requirements under both federal and state law. The federal exemption says that the overtime rules codified at 29 U.S.C. § 207(a) "shall not apply with respect to . . . (12) any employee employed in agriculture." 29 U.S.C. § 213(b). "Agriculture" is defined at 29 U.S.C. § 203(f) as, among other things, "the raising of . . . poultry, and any practices . . . performed by a farmer or on a farm as incident to or in conjunction with such farming operations . . . ." 29 U.S.C. § 203(f). Also, Ark. Code Ann. § 11-4-211(b) mirrors the requirements of the FLSA in that "[t]he provisions regarding the payment of wages at one and one-half (1 ½) times the regular rate of pay for overtime services shall not be applicable with respect to agricultural employees." So, if Cea were to qualify as an "agricultural employee" under the FLSA and AMWA (which use the same definition,

5

essentially), she would not be entitled to claim overtime compensation, and her overtime claims would be implausible and subject to dismissal.

The regulations of the Department of Labor provide that "[h]atchery operations incident to the breeding of poultry, whether performed in a rural or urban location," are the "raising of poultry." 29 C.F.R. § 780.127. Further, "[w]here the hatchery is engaged solely in procuring eggs for hatching, performing the hatching operations, and selling the chicks, *all the employees including office and maintenance workers are engaged in agriculture.*" 29 C.F.R. § 780.210 (emphasis added). Cea's Amended Complaint states clearly and unequivocally that she worked for a hatchery. Her job duties "included grading and vaccinating baby chicks as they moved along a conveyor belt." (Doc. 14 at 2). The proposed second amended complaint alleges that Cea not only graded and vaccinated baby chicks, but also performed "janitorial and cleaning services" at the hatchery. (Doc. 22-1 at 2). But during the hearing, Cea's attorney was unable to explain how Cea's duties somehow removed her from the sweeping language of 29 C.F.R. § 780.210, which defines "all the employees including office and maintenance workers" in a hatchery as those "engaged in agriculture" and subject to the agricultural exemption to the overtime laws.

Cea is correct in arguing that some laborers who work in poultry operations do not qualify for the agricultural exemption if the jobs they perform do not specifically involve "the raising of poultry." *See, e.g., N.L.R.B. v. Hudson Farms*, Inc., 681 F.2d 1105, 1106 (8th Cir. 1982) (finding that truck drivers and yard workers who transported poultry between independent contractors and the producer's processing plant were not "agricultural laborers"). But Cea was unable to cite the Court to any case or regulation

that stated that workers in a hatchery operation, by virtue of their job duties, would not be subject to the agricultural exemption. Taking the facts as pleaded in the Amended Complaint as true, it is implausible for Cea to contend that her job with Cobb-Vantress entitled her to claim overtime compensation under the FLSA and AMWA. The facts as pleaded indicate that she is subject to the exemption to the overtime laws for agricultural/poultry workers.

Accordingly, the Motion for Judgment on the Pleadings (Doc. 16) seeking dismissal of the overtime claims in Counts II and III of the Amended Complaint will be **GRANTED**, and the overtime claims will be **DISMISSED** pursuant to Rule 12(c).

### B. Motion for Leave to Amend

As previously explained, the proposed second amended complaint that is the subject of Cea's Motion for Leave to Amend is identical to the Amended Complaint, except that it adds certain facts to Cea's job description at Paragraph 8 in an attempt to save her overtime claims from dismissal. Assuming as true the new facts stated in Paragraph 8 of the proposed second amended complaint, these facts are insufficient to save Cea's overtime claims from the clear exemption language at 29 C.F.R. § 780.210. According to that regulation, *all* employees in a poultry hatchery, including "office and maintenance workers" are considered to be engaged in agriculture and therefore are not entitled to claim overtime compensation under either the FLSA or AMWA. 29 C.F.R. § 780.210. The Court observes that Cea has now had three separate tries to plausibly state claims for overtime compensation under the FLSA and AMWA—her original complaint, her Amended Complaint, and her proposed second amended complaint—and none of those pleadings stated facts to support the claims. Accordingly, permitting Cea leave to file her

7

second amended complaint would be futile, and the Second Motion for Leave to File a Second Amended Complaint (Doc. 22) will be **DENIED**.

## IV. CONCLUSION

For the reasons explained herein, **IT IS ORDERED** that Defendant Cobb-Vantress, Inc.'s Motion for Judgment on the Pleadings as to Plaintiff's overtime claims (Doc. 16) is **GRANTED**, and those claims are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Martha Cea's Second Motion for Leave to File a Second Amended Complaint (Doc. 22) is **DENIED** as futile.

**IT IS SO ORDERED** on this 15th day of April, 2019.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE