IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARTHA CEA                                                    PLAINTIFF

V.                          CASE NO. 5:19-CV-05024

COBB-VANTRESS, INC.                                          DEFENDANT

## OPINION AND ORDER

Defendant Cobb-Vantress, Inc. filed a motion for judgment on the pleadings (Doc. 34) as to two claims in Plaintiff Martha Cea's Second Amended Complaint. The Court notified the parties in a text-only Order issued on July 22, 2019 (Doc. 42) that the motion would be converted to one for summary judgment under Rule 56. Further, the Court advised the parties in that same text-only Order that they were welcome to submit any supplementary briefing, documents, or other materials in support of or in opposition to the motion for summary judgment by no later than August 2, 2019. The parties submitted their supplementary briefs and materials by the deadline. Then, on August 5, Defendant requested leave to file a document that Cea referred to in her supplementary brief but did not attach. The Court granted Defendant leave to file the document, and at that point, the motion became fully ripe. After considering all the arguments and evidence submitted by the parties, the motion is **GRANTED** for the reasons set forth below.

## I. BACKGROUND

Defendant's motion for summary judgment requests dismissal of two claims that appear in the Second Amended Complaint: a claim for overtime compensation under the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA") and a claim for disability discrimination and retaliation under the Arkansas Civil Rights Act

("ACRA"). With respect to the overtime claim, Cea agrees it is subject to dismissal and explains that its inclusion in the Second Amended Complaint, see Doc. 32 at ¶¶30, 52, was the result of a "scrivener's error." (Doc. 36 at 1). The Court issued a prior Order that detailed the reasons why Cea's overtime claims under both statutes were subject to dismissal. See Doc. 28. Accordingly, since the claims for overtime compensation under the FLSA and/or AMWA were included in the motion for summary judgment, and Cea offered no further argument or evidence as to why they should be preserved, they are **DISMISSED WITH PREJUDICE** under Rule 56.[1]

The second issue addressed in Defendant's summary judgment motion is Cea's claim of disability discrimination and retaliation, made pursuant to the ACRA. Defendant offers an affirmative defense that this claim was untimely filed and should be dismissed with prejudice. The Court notes that Cea filed her original complaint (Doc. 3) in the Circuit Court of Benton County, Arkansas, on November 26, 2018. The case was removed to this Court on February 7, 2019 (Doc. 1). Thereafter, Cea filed her first amended complaint (Doc. 14) on March 19, 2019. Neither the original complaint nor the first amended complaint asserted any disability-related claims. The first time such a claim was raised was in Cea's Second Amended Complaint (Doc. 32), filed on June 18, 2019. Count V of that most recent pleading contends that "Defendants violated the ACRA by discriminating against Plaintiff on the basis of her disability" by ignoring certain temporary restrictions on

---

[1] Even if these claims were evaluated under Rule 12(c), they would still be susceptible to dismissal with prejudice, as Cea has now attempted to assert these claims in a prior pleading, and the claims have been dismissed. Accordingly, any further attempt to assert these claims would be futile. See Pet Quarters, Inc. v. Depository Tr. and Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009) (finding that dismissal with prejudice is appropriate if allowing a claim to be asserted again through an amended pleading would prove futile).

2

her ability to lift and bend, which her doctor imposed following a surgical procedure, and by increasing her workload. *Id.* at ¶¶ 10-16, 62. Cea further contends that she "suffered retaliation after she complained about the violations of her doctor's work restrictions" and was terminated "after she complained of the increased workload." *Id.* at ¶ 63.

Defendant does not confront the substance of Cea's disability-related claim or otherwise argue that it should be dismissed on the merits.[2] Instead, Defendant confines its argument to the statute of limitations relevant to the disability claim. Defendant maintains that the claim carries with it a statute of limitations of either one year after the alleged employment discrimination occurred or within ninety days of Cea's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") concerning the claim, whichever date is later. The latest date that Cea allegedly suffered

---

[2] However, the Court observes, *sua sponte*, that the facts as pleaded in the Second Amended Complaint fail to state a claim for disability discrimination/retaliation under Rule 12(c) and would therefore be subject to dismissal in any event. According to the Second Amended Complaint, Cea "went on protected leave . . . for a scheduled surgical procedure." (Doc. 32 at ¶ 10). And then, after surgery, she obtained a doctor's note that "explained that Plaintiff was placed on restrictions and could not return to work until her abdomen healed from surgery." *Id.* at ¶ 12. These post-surgical restrictions, which Cea admits were only temporary were imposed on a short-term basis "until Plaintiff fully healed" and consisted of "light duty restrictions with respect to activities that required lifting or bending." *Id.* at ¶ 13. "The definition of disability in both the ACRA and the [Americans with Disabilities Act] are in all relevant respects the same." *Land v. Baptist Med. Ctr.*, 164 F.3d 423, 425–26 (8th Cir.1999) The Eighth Circuit has previously held that "[s]tatutory disability requires permanent or long-term limitations" and an "asserted inability to work while recovering from surgery is simply not evidence of a permanent impairment." *Heintzelman v. Runyon*, 120 F.3d 143, 145 (8th Cir. 1997) (citing 29 C.F.R. app. § 1630.2(j) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities"); *McDonald v. Penn. Dep't of Pub. Welfare*, 62 F.3d 92, 96–97 (3d Cir.1995) (recuperation after abdominal surgery not disability); *Evans v. City of Dallas*, 861 F.2d 846, 852–53 (5th Cir.1988) (knee injury that required surgery not disability)). As the facts describing Cea's post-surgery condition do not meet the statutory definition of a disability, no plausible claim for disability discrimination and/or retaliation is stated.

discrimination was June 21, 2017, her termination date. And the earliest date the disability-related claim was pleaded in this case was June 18, 2019, nearly two years later.[3] As for the right-to-sue letter, Defendant argues that Cea never made a disability claim before the EEOC, so she never exhausted the claim administratively, and the ninety-day limitations period measured from the date of the right-to-sue letter does not apply.

Upon consideration of Defendant's statute of limitations argument, the Court found that it was capable of final resolution under Rule 56 without the need for further discovery. Cea's initial response to the motion assured the Court that she received a right-to-sue letter concerning her disability claim and filed her lawsuit within ninety days of receiving the letter. (Doc. 36 at 4). However, Cea failed to reveal when she received the right-to-sue letter, and she neglected to attach the letter to her response. Accordingly, the Court entered a text-only Order (Doc. 41) on July 16, 2019, directing Cea to file "the right-to-sue letter she received from the EEOC with respect to her disability claims by no later than July 23, 2019," in the hope of resolving the statute of limitations issue immediately. On July 22, Cea filed a right-to-sue letter from the EEOC, dated August 28, 2018. *See* Doc. 38-1.

The day Cea filed the right-to-sue letter, Defendant filed a motion (Doc. 39) requesting leave to provide further documentation to the Court. Specifically, Defendant argued that although Cea produced a right-to-sue letter, this letter did not pertain to any EEOC investigation of disability discrimination or retaliation claims. Instead, Cea's

---

[3] Further, even if the disability claim related back to the date the original complaint was filed, November 26, 2018, the claim would still have been untimely under the one-year statute of limitations.

complaint before the EEOC only concerned claims for race/color/national origin discrimination. To prove this point, Defendant submitted "EEOC Form 5" to the Court, which details the specific charge of discrimination that Cea asked the EEOC to investigate. Cea signed Form 5 (Doc. 43 at 5) on October 4, 2017, and only checked the boxes for "race," "color," and "retaliation" discrimination.[4] The "disabilty" box was left unchecked. Further, in the narrative section of Form 5, Cea never mentioned that she suffered from a disability or was discriminated against due to a disability. The narrative portion stated in full:

> I was hired on or about January 8, 1998 in Processing. My job was to vaccinate and grade thousands of baby chicks on a conveyor belt. I also sent orders to Tyson Foods. I was required to stay after my shift ended to clean the factory. From around March 2017 until June 2017, I was required to cover three stations which was not physically possible. On June 21, 2017, I complained and then I was written up and discharged.
>
> I was told I was terminated for allegedly disrespecting the lead.
>
> I believe that I was discharged because of my national origin, El Salvador, in violation of Title VII of the civil rights Act of 1964, as amended. I also believe that Hispanic employees as a class are denied promotions and disciplined more harshly than non-Hispanic employees, in violation of Title VII of the Civil Rights Act of 1964, as amended.

*Id.*

Despite what she wrote on Form 5, Cea persists in arguing that "the EEOC's investigation *could have* reasonably encompassed disability discrimination." (Doc. 45 at 4 (emphasis added)). Cea points out that the facts surrounding her disability claim took place at around the same time as the race/national origin discrimination claims she

---

[4] According to Cea, she consulted with her current counsel for help with her EEOC claims prior to filling out these forms. *See* Doc. 48 at 5 (EEOC Intake Questionnaire in which Cea states that she contacted attorney Josh Bailey for help with her case on July 4, 2017).

explicitly cited on Form 5. She also quotes from Form 5 to make the observation that she told the EEOC it was not "physically possible" for her to cover three work stations at once, and this fact put the EEOC on notice, essentially, that she was asserting a disability claim. Finally, she reminds the Court that the Defendant bears the burden of proof on summary judgment and notes that Defendant "has failed to produce any evidence that Cea did *not* provide facts to the EEOC related to disability discrimination." *Id.* In fact, Cea suggests that since this other evidence may exist, the Court should not be in a hurry to decide the statute of limitations issue just yet, but should instead give Cea the benefit of the doubt that "'supporting documentation' beyond the 'four corners' of the Charge, including the Intake Questionnaire and attached statement" exist and *could* establish that the EEOC did, in fact, consider her disability claim when investigating her other complaints. *Id.* at 5 (citation omitted).

Of course, the content of the documents supporting the EEOC charge—including the Intake Questionnaire—should have been known to Cea at the time she filed this case, so the Court was initially confused as to why she did not simply attach these documents instead of resorting to innuendo. Fortunately, Defendant filed Cea's EEOC Intake Questionnaire on the docket (Doc. 48). The Questionnaire explicitly lists only claims for race and national origin discrimination, and not disability discrimination. (Doc. 48 at 2). One question in particular on the Questionnaire is: "Do you have a Disabilty?" And Cea responded by checking "No." *Id.* Finally, Cea's narrative description on the Questionnaire never mentions any facts concerning her alleged disability that now appear in Count V of the Second Amended Complaint. The Questionnaire never mentions Cea's surgery, sick leave, doctor's note, or doctor-imposed lifting and bending restrictions. *Id.* at 6. Although

.

6

the Questionnaire does state that on June 21, 2017, Cea's supervisor ordered her to do the "impossible task" of "cover[ing] [her] station and the stations of two other employees," Cea clarifies in the next sentence that the task was not impossible due to a physical limitation she suffered, but because *no worker* can "do the work of three people." *Id.*

## II. LEGAL STANDARD

Originally, this motion was postured as one for judgment on the pleadings under Rule 12(c). The Court, in an abundance of caution, converted the motion to one for summary judgment under Rule 56, despite the fact that the Eighth Circuit has explicitly recognized that an EEOC charge is a part of the public record and is not beyond the pleadings. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931(8th Cir. 2011). Not knowing exactly what supporting documentation the parties might submit either in favor of or against the motion, the Court determined that converting the motion and allowing a period of time for the parties to provide any supplementary briefing or documents they desired the Court to consider was the best course of action.

A defendant requesting summary judgment on its statute of limitations defense bears the burden of proof. The motion should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on the motion, the Court must view the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of any logical inferences that can be drawn from the facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). These facts must be "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway*

*Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Claims for discrimination and retaliation brought under the ACRA are subject to the limitations period described at Ark. Code Ann. § 16-123-107. Section 16-123-107(c)(4) provides that "[a]ny action based on employment discrimination . . . shall be brought within one (1) year after the alleged employment discrimination occurred, or within ninety (90) days of receipt of a 'Right to Sue' letter . . . from the [EEOC] concerning the alleged unlawful employment practice, whichever is later."

## III. DISCUSSION

The ACRA's statute of limitations offers two options, and whichever date is later will apply: either the claim must be filed within one year after the alleged employment discrimination, or the claim must be filed within ninety days after the plaintiff receives a right-to-sue letter issued by the EEOC "concerning the alleged unlawful employment practice." Ark. Code Ann. § 16-123-107(c)(4). Here, Plaintiff does not attempt to argue that her disability-based claims were filed within a year of her firing. Instead, she rests on the date she received the right-to-sue letter from the EEOC. After reviewing all the evidence, the Court finds that there is no genuine, material dispute of fact that the charging document forming the basis for the EEOC's investigation (Doc. 43 at 5), and the EEOC's Intake Questionnaire and supporting documents that Cea filled out in support of her charge (Doc. 48) do not establish that Cea claimed her employer discriminated or retaliated against her due to a disability. In fact, Cea explicitly disavowed that she had a disability on the Intake Questionnaire. Since the EEOC's investigation of Cea's charges did not consider any disability-related claim, Cea failed to exhaust this claim

8

administratively, and the right-to-sue letter that resulted from the EEOC's investigation cannot serve as the starting point for the statute of limitations related to the claim. Count V's disability claim under the ACRA is untimely and will be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated herein, Defendant Cobb-Vantress, Inc.'s Motion for Summary Judgment (Doc. 34) as to claims for overtime compensation, disability discrimination, and disability retaliation is **GRANTED**.

**IT IS SO ORDERED** on this ____13th____ day of August, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE